**IN THE SUPERIOR COURT OF GUAM**

GOVERNMENT OF GUAM,

                                    Plaintiff,

      v.

162.40 square meters of land more or less situated in the municipality of Agana and unknown owners, et al.,

                                      Defendants.

CIVIL CASE No. CV 0863-81

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on remand from the Guam Supreme Court to determine just compensation. Assistant Attorney General David J. Highsmith represents the Government of Guam and Attorney Seth Forman represents Defendants Artemio M. Ilagan and Carmelita Ilagan, the previous owners of the property at issue. For the reasons set forth below, the Court concludes that Defendants are due just compensation in the amount of $45,000 plus simple interest as applied to the amount not yet paid into the Court.

## BACKGROUND

This litigation concerns the condemnation of a parcel of property, Lot 237-3-2-1 in Agana, formerly owned by Defendants. In short, on November 27, 1981, the Government filed a Declaration of Taking. The Government thereafter sold the parcel to Engracia Ungacta and Felix F. Ungacta. On January 25, 2010, subsequent to a bench trial, this Court issued Findings of Fact and Conclusions of Law in which it determined that the taking of Lot 237–3–2–1 was not part of the Agana Plan and, therefore, was not condemned pursuant to a valid public purpose. The Ungactas timely appealed and, on October 18, 2011, the Guam Supreme Court held "that the taking of Lot 237–3–2–1 was part of the Agana Plan and was done pursuant to a valid public purpose [and] that the taking did not violate the Ilagans' equal protections rights and did not constitute excess condemnation." Gov't of Guam v. 162.40 Square Meters of Land More or Less, Situated in Municipality of Agana, 2011 Guam 17, ¶¶ 1, 37. Unresolved in this

matter is the narrow issue of just compensation: "[i]n order for a government's exercise of eminent domain to pass constitutional muster, the taking must not only be for a public use; just compensation must be paid as well." Id., ¶¶ 1, 36-37.

On December 21, 1981, the Government deposited $9,744 into the Court Registry as just compensation. The parties have extensively briefed the issue of whether this constitutes just compensation. The Government contends that Defendants are entitled to $9,744 plus statutory interest of six percent. The Government relies on an appraisal performed in 1981 for this amount. Defendants argue that they are entitled to $45,000 plus compound interest at the rate used "for United States government obligations with a maturity date approximating the time period between the taking and payment[.]" Defendants further argue that the Government presented no testimony at trial regarding its valuation and, indeed, that the Government "unequivocally agreed" to $45,000 as just compensation.

## DISCUSSION

"The Fifth Amendment guarantees just compensation when there is a governmental taking of private property for a public purpose." Gutierrez v. Guam Power Auth., 2013 Guam 1, ¶ 47 (quoting Cepeda v. Gov't of Guam, 2005 Guam 11, ¶ 20) (internal quotations omitted). Just compensation is "the full and perfect equivalent in money of the property taken." Gutierrez, 2013 Guam 1, ¶ 47 (quoting United States v. Miller, 317 U.S. 369, 373 (1943)) (internal quotations omitted). This generally means that an owner is entitled to the fair market value of the property at the time of the taking. Gutierrez, 2013 Guam 1, ¶ 48; United States v. 4.85 Acres of Land, More or Less, Situated in Lincoln Cnty., Mont., 546 F.3d 613, 617-18 (9th Cir. 2008) ("fair market value [is] what a willing buyer would pay in cash to a willing seller"). Importantly, "[a] stipulation as to what is just compensation in a condemnation proceeding will not be disturbed absent unusual circumstances[.]" Los Angeles Shipbuilding & Drydock Corp. v. United States, 289 F.2d 222, 233 (9th Cir. 1961) (citing United States v. Town of Clarksville, Va., 224 F.2d 712, 713 (4th Cir. 1955)).

It is well-settled that statements by counsel may constitute judicial admissions binding on the client. Sinlao v. Sinlao, 2005 Guam 24, ¶ 18 (quoting B.M. Co. v. Avery, 2002 Guam 19, ¶ 15) (internal quotations omitted). A judicial admission may occur at any stage of the litigation and such a statement "waives or dispenses with the necessity of producing evidence by the opponent and bars the party himself from disputing it." Sinlao, 2005 Guam 24, ¶ 16 (citations

and quotations omitted). To constitute a judicial admission, the statements at issue: 1) must be deliberate, clear, and unambiguous; 2) must be deliberate waivers of the right to present evidence; and 3) must not be counsel's conception of the legal theory of the case. Sinlao, 2005 Guam 24, ¶ 17 (citations and quotations omitted). Whether the statement is a judicial admission "depends upon the circumstances of each case" and, in particular, the intent of the attorney making the statement must be considered in conjunction with statement itself. Sinlao, 2005 Guam 24, ¶¶ 16-17 (citations and quotations omitted).

The Assistant Attorney General for the Government referenced Defendants' appraisal of $45,000 three times during the trial. During the Government's opening statement, counsel stated:

> We will go with the numbers in the [Defendants'] own appraisal. They're saying the land taken was worth $45,000 in 1981, and we will accept that number and offer 28 years of interest at six percent a year, and we believe that comes to $120,600.00. And that is the just compensation.

Then, after Defendants' appraiser was sworn as a witness, counsel asserted "that the Government has agreed to the $45,000 figure, so [the witness] may not be hearing a lot of the questions he expected[.]" Finally, in his summation, counsel reiterated that "we have agreed to take [Defendants'] numbers as put forth by [their appraiser, which] would be a loss of $45,000 as of 1981." The Government acknowledges these statements, but contends that they should not be binding because Defendants did not rely on the purported stipulation and because the Government's out-of-court appraisal was contemporaneous with the taking and therefore is the "most credible" evidence.

At trial, the Government declined to present evidence regarding just compensation and "accept[ed]" and "agreed" to Defendants' valuation of $45,000 in deliberate, clear, and unambiguous terms—on three distinct occasions. On these facts, counsel's statements may be "reasonably construed" as an admission, and the requirements for a judicial admission plainly are met. Sinlao, 2005 Guam 24, ¶ 17. The Government simply offers no basis for the Court to ignore these explicit statements and adopt a lower valuation. The Court therefore concludes that this case presents a straightforward judicial admission, i.e., Defendants are entitled to just compensation in the amount of $45,000. See United States v. Bentson, 947 F.2d 1353, 1356 (9th Cir. 1991).

With respect to the applicable rate of interest, 21 G.C.A. § 15107 provides, in pertinent part:

> [Just] compensation shall be ascertained and awarded in said proceeding and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of six percent (6%) per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid into the court.

Defendants argue that the award should reflect compound interest at a rate greater than six percent on the entire amount of just compensation, while the Government contends that the statute requires the application of simple six percent interest against only the amount not already paid into the Court Registry, i.e., $45,000 less $9,744. "[S]imple interest is to be awarded 'in the absence of some special circumstance dictating otherwise.'" Duenas v. George & Matilda Kallingal, P.C., 2012 Guam 4, ¶ 45 (quoting Guam United Warehouse Corp. v. DeWitt Transp. Servs. of Guam, Inc., 2003 Guam 20, ¶ 38). In the context of 18 G.C.A. § 47106, which governs the rate of interest on judgments, the Court found that because the statute is silent as to compound interest, interest must be calculated based on simple interest. DeWitt, 2003 Guam 20, ¶ 38; see also Guam Top Builders, Inc. v. Tanota Partners, 2012 Guam 12, ¶ 82. The Court is mindful that under the Federal Declaration of Taking Act, 40 U.S.C. § 3114, the six percent interest rate is a floor rather than a ceiling. United States v. Blankinship, 543 F.2d 1272, 1276 (9th Cir. 1976). However, the local interest rate is a fair and reasonable method of ascertaining interest in condemnation proceedings. Seaboard Air Line Ry. Co. v. United States, 261 U.S. 299, 305 (1923); United States v. Rogers, 255 U.S. 163, 169 (1921). Considering that the language of 21 G.C.A. § 15107 is silent regarding compound interest and prescribes a rate of six percent, the Court discerns no statutory authority for imposing compound interest or a higher rate of interest on the just compensation due in this case.

The plain language of the statute also contemplates application of the interest against only the amount not already paid into the Court. Thus, a simple interest rate of six percent (6%) per annum shall be applied to $35,256, i.e., $45,000 less $9,744. Accordingly, Defendants are due just compensation in the amount of $45,000 plus interest accrued since the date of taking, which was the date on which the Government filed the declaration of taking. Fulcher v. United

States, 632 F.2d 278, 280 (4th Cir. 1980) (calculating interest from date of filing of declaration of taking).

## CONCLUSION

For the reasons set forth above, the Court concludes that Defendants are due just compensation in the amount of $45,000 plus interest accrued on $35,256 since the date of taking.

**IT IS SO ORDERED** this day of March ___4___, 2014.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam